ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **FRANKLIN CREDIT MANAGEMENT CORPORATION como Agente de WILMINGTON SAVINGS FUND SOCIETY FSB, SOLELY AS CERTIFICATE TRUSTEE OF BOSCO CREDIT II TRUST SERIES 2017-1**<br><br>Apelados<br><br>v.<br><br>**JORGE JOSÉ ROSA MIRANDA y OTROS**<br><br>Apelantes | KLAN202300946 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Manatí**<br><br>Civil Núm.: **MT2019CV00849**<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece ante nos, el señor Jorge José Rosa Miranda (señor Rosa Miranda) y solicita la revisión de la *Sentencia Sumaria* emitida el 1 de septiembre de 2023, notificada el 5 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Manatí (TPI). Mediante el referido dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Franklin Credit Management Corporation como agente de servicio de Wilmington Savings Fund Society, FSB, Solely As Certificate Trustee Of Bosco Credit II Trust Series 2017-1 (FCMC). Además, ordenó al señor Rosa Miranda pagar $126,431.55 en concepto del pagaré hipotecario, más los intereses y $16,408.00 por honorarios de abogados.

Sin embargo, de una lectura de la sentencia sumaria, observamos que no se desprende la adjudicación de la reconvención de forma fehaciente. Ante ello y por considerar que la referida causa

de acción quedó pendiente ante el foro primario, conforme exigen las Reglas 42.1 y 42.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R.42.1 y 42.3, acogemos el recurso instado como un recurso de *certiorari*. Se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari* y se devuelve el caso al TPI para la continuación de los procedimientos.

**I.**

Los hechos de este caso se remontan al 12 de diciembre de 2003, cuando el señor Rosa Miranda otorgó un pagaré a favor de Doral Mortgage Corp. o a su orden, por la suma principal de $164,080.00 más intereses desde la fecha en que suscribió hasta el pago total del principal, a razón de 5.25% de interés anual sobre el balance adeudado. FCMC es el actual tenedor del pagaré hipotecario objeto de la controversia suscitada entre las partes.

Por lo anterior, el 9 de octubre de 2019, FCMC presentó una *Demanda* en cobro de dinero y ejecución de hipoteca contra el señor Rosa Miranda. En esta alegó que el último pago que el señor Rosa Miranda efectuó fue el 1 de enero de 2016, por lo que incumplió con su obligación de pagar en plazos mensuales el principal y los intereses, según lo acordado.

Así las cosas, el 3 de febrero de 2020, el TPI refirió a las partes al Centro de Mediación y Conflictos en Casos de Ejecución de Hipotecas (CMC), por lo que fueron paralizados los procedimientos. El 26 de mayo de 2021, el CMC presentó un *Moción Informativa en Casos de Ejecución de Hipoteca Mediante Videoconferencia* acompañada de su *Notificación al Tribunal en Casos de Ejecución de Hipoteca Mediante Videoconferencia* en la cual se informó el resultado del referido.

Luego de múltiples trámites procesales, el 6 de julio de 2021, FCMC presentó una *Moción de Sentencia Sumaria*. Mediante su comparecencia, alegó que la deuda en controversia se encontraba vencida, líquida y exigible, y que estos cumplieron cabalmente con la Ley 184-2012, por lo que solicitó al foro primario que declarara Ha Lugar su moción de sentencia sumaria. Destacó que la propiedad objeto del procedimiento no era la residencia principal del señor Rosa Miranda.

El 12 de octubre de 2021, el señor Rosa Miranda presentó su *Contestación a Demanda y Reconvención*. Adujo, entre otras cosas, que realizó los pagos del pagaré hipotecario mensualmente, por 15 años ininterrumpidamente, y cuestionó la razón por la cual FCMC no le aceptaba los pagos de la deuda. En respuesta y luego de varias prórrogas, el 23 de junio de 2022, FCMC presentó *Réplica a Reconvención*. Posteriormente, el 1 de agosto de 2022, el señor Rosa Miranda presentó su *Oposición a Réplica a Reconvención*.

Luego de evaluar las comparecencias de las partes, el 1 de septiembre de 2023, notificada el 5 de septiembre de 2023, el TPI emitió *Sentencia Sumaria*. Entre otras cosas, determinó que el señor Rosa Miranda debía pagar a FCMC la cantidad de $126,431.55 por concepto del principal, más intereses al tipo pactado de 5.25% anual desde el 1 de enero de 2016. Además, la suma de $16,408.00 equivalente al 10% del principal original, para costas, gastos y honorarios de abogados. Asimismo, ante la eventualidad de que el señor Rosa Miranda no cumpliera con los pagos, se ordenaría la venta en pública subasta de la propiedad hipotecada para aplicar el importe de la venta al saldo de la deuda.

De la antedicha determinación, el 12 de septiembre de 2023, el señor Rosa Miranda solicitó reconsideración, pero esta fue denegada mediante *Resolución* el 11 de octubre de 2023, notificada el 12 de octubre de 2023.

Inconforme con la determinación del TPI, el 24 de octubre 2023, el señor Rosa Miranda acudió ante este Tribunal de Apelaciones y alegó que el foro primario cometió los siguientes errores:

> Erró el foro de instancia al dictar Sentencia Sumaria en el caso de epígrafe y ordenar posteriormente una vista argumentativa para discutir hechos medulares en controversia que pone de manifiesto el proceder erróneo en derecho, constitutivo de abuso de discreción y errático del foro de instancia.

> Erró el foro de instancia al dictar Sentencia Sumaria en el caso de epígrafe pese a la existencia de una reconvención no resuelta y un reclamo de derecho de propiedad o posesión sobre el instrumento negociable conforme a la sección 2-306 de la Ley de Transacciones Comerciales[,] según enmendada, *supra*, de la parte apelante, que el foro de instancia ha señalado una vista argumentativa fijada luego de haber dictado Sentencia Sumaria.

> Erró el foro de instancia al dictar Sentencia Sumaria en el caso de epígrafe pese al tracto procesal que delata el incumplimiento de la parte apelada con dictámenes del foro de instancia y las reglas procesales sobre incumplimientos tardíos de escritos y al aseverar incorrectamente que la parte apelante no fijó oposición a la Solicitud de Sentencia Sumaria de la parte apelada y que tampoco fijó oportunamente su posición en cuanto a la oposición de la parte apelada sobre la Moción de Derecho de Propiedad o Posesión sobre el Instrumento Negociable de la parte apelada.

> Erró el foro de instancia al dictar Sentencia Sumaria en el caso de epígrafe pese a que el expediente del caso de epígrafe se halla huérfano de evidencia que acredite que la parte apelada ofreció a la parte apelante todas las alternativas de Mitigación de Pérdidas que le permitan conservar su vivienda principal.

> Erró el foro de instancia al declarar No Ha Lugar la Moción de Reconsideración de la parte apelante sobre la Sentencia Sumaria dictada en este caso y al no haberla dada por sometida sin oposición ya que la parte apelada fijó su oposición a dicha moción a destiempo.

El 22 de enero de 2024, FCMC presentó su *Alegato en Oposición de la Parte Apelada Conformando Límite de Páginas*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En su segundo señalamiento de error, el señor Rosa Miranda aduce, entre otras cosas, que erró el foro primario al dictar la *Sentencia Sumaria* recurrida y disponer del caso, al existir una reconvención no resuelta presentada por éste el 12 de octubre de 2021. Añade que el proceder del TPI es uno erróneo en derecho, abusivo de su discreción y parcializado.

Al revisar el expediente ante nuestra consideración nos percatamos que el TPI no adjudicó todas las reclamaciones existentes, ya que solo dispuso de la demanda presentada por FCMC, más no de la reconvención que había ante su consideración. En vista de ello, el dictamen aquí en cuestión se considera una resolución interlocutoria y no una sentencia. Regla 42.1 de las de Procedimiento Civil de Puerto Rico de 2009, 32 LPRA Ap. V. R. 42.1. Tampoco se considera una sentencia parcial, dado que en la misma no se incluyeron las palabras requeridas para ello por la Regla 42.3 de las de Procedimiento Civil de Puerto Rico de 2009, 32 LPRA Ap. V. R. 42.3. Consecuentemente, el recurso instado constituye más bien un *certiorari*, por lo que se acoge como tal.

Ante la situación indicada y la norma de revisión judicial dispuesta tanto en la Regla 52.1 de las de Procedimiento Civil de Puerto Rico de 2009, 32 LPRA, Ap. V, R. 52.1, y la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40 entendemos que no es el momento apropiado para entrar en los méritos y resolver las controversias relacionadas planteadas por el peticionario que le den finalidad a la totalidad del pleito de la cual podrán recurrir ante este foro de así entenderlo necesario. Lo más adecuado es que el TPI disponga de la totalidad de las reclamaciones de las partes de epígrafe. Solo así esta Curia tendrá ante su consideración un marco fáctico completo y podrá adjudicar todos los planteamientos de las partes de una forma correcta y certera.

Conforme lo anterior, resulta innecesaria la discusión de los demás errores señalados por el peticionario.

**IV.**

En virtud de todo lo anteriormente expresado, denegamos la expedición del auto de *Certiorari* y devolvemos el caso al foro primario para la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó este Tribunal y lo certifica la Secretaría del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones